**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46320**

| | | |
|---|---|---|
| In the Interest of: JOHN DOE(S) and JANE DOE, Children Under Eighteen (18) Years of Age. | ) ) ) ) ) | |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) | Filed: January 16, 2019 |
| Petitioner-Respondent, | ) ) ) | Karel A. Lehrman, Clerk |
| v. | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| JANE DOE, | ) ) | BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthon, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Anthony R. Geddes, Ada County Public Defender; Karen L. Jennings, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John R. Shackelford, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Jane Doe (Mother) appeals from the magistrate's judgment terminating Mother's parental rights to her three minor children: E.R., M.R., and I.R. Mother argues that the magistrate erred in concluding termination was in the children's best interests. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

From February 2016 until February 2017, the children were in their father's custody, and Mother did not see them. Mother regained custody of the children in February 2017 by not

1

returning them to their father after a weekend visit.[1] During this time, Mother was using methamphetamine intravenously multiple times a day.

In April 2017, a Boise Police Department officer investigated physical abuse of the children. Mother was aware the man with whom she was living physically abused M.R., and the officer set up a safety plan to avoid contact with the man. Mother subsequently violated this safety plan by spending the night with the man while with the children. After this violation, the children reported that the man had told them not to talk, and E.R. changed his prior statement about abuse. The officer then declared the children in imminent danger.

The magistrate awarded the Idaho Department of Health and Welfare temporary legal custody. Mother failed to appear at the subsequent adjudicatory hearing, following which the magistrate found it was in the children's best interests to remain in the Department's care and ordered a case plan for Mother.

Thereafter, in July 2017, Mother was arrested for felony possession of a controlled substance and was ordered to participate in a fourteen-month drug court program. While the first phase of the program was expected to last four months, Mother still remained in this first phase ten months later at the time of the termination trial in July 2018. Indeed, at the time of trial, Mother was in custody for violating drug court conditions.

Following trial, the magistrate terminated Mother's parental rights after finding clear and convincing evidence that Mother had neglected the children and that termination is in the children's best interests. Mother timely appeals but challenges only the magistrate's conclusion that termination of her parental rights is in the children's best interests. Mother does not challenge the magistrate's conclusion that she neglected the children. Accordingly, our review is limited to whether the magistrate erred by concluding that the termination of Mother's parental rights is in the children's best interests.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). The Fourteenth Amendment to the United States Constitution protects this interest. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Due process must be

---

[1] Subsequently, the magistrate terminated the father's parental rights.

met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Because a fundamental liberty interest is at stake, a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* Idaho Code § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652. Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006).

On appeal, this Court examines whether the magistrate's decision terminating parental rights is supported by substantial and competent evidence, which means evidence a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The substantial evidence test also requires a greater quantum of evidence in cases, such as this case, where the magistrate's findings must be supported by clear and convincing evidence, instead of a mere preponderance. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Further, objectively supportable grounds must support the magistrate's termination decision. *Doe*, 143 Idaho at 346, 144 P.3d at 600. This Court will indulge all reasonable inferences in support of the magistrate's termination decision. *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65.

### III.

### ANALYSIS

Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Section 16-2005 of the Idaho Code permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

3

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Mother argues the magistrate erred in finding that termination of her parental rights is in the children's best interests. We disagree. The magistrate properly considered and found numerous factors supporting its conclusion that the termination of parental rights serves the children's best interests.

The magistrate specifically concluded that Mother had failed to provide the children with a stable residence for years. In support of this conclusion, the magistrate found that Mother struggled to find a permanent residence for the children and failed to use any of the resources identified for safe shelter for her and the children. Instead, Mother knowingly exposed the children to someone whom she knew abused M.R. and failed to protect the children from this abusive individual.

Further, Mother has a long history of substance abuse. Indeed, the magistrate found Mother used methamphetamine intravenously multiple times a day while the children were in her care, intended to sell drugs to support her habit and herself, and failed to make progress in her drug court program. This failure included violations of drug court conditions resulting in as many as seven or eight incarcerations since Mother entered the program. In turn, these incarcerations contributed to Mother's inability to make progress on her case plan for the children.

For example, because Mother was incarcerated, she was unable to complete her parenting class and missed her scheduled appointment for her mental health evaluation. This mental health

4

evaluation was particularly important because Mother testified that she has previous diagnoses of manic depression, bipolar disorder, anxiety, and depression and that she has attempted suicide.

The magistrate also found that Mother's drug court violations demonstrate her failure to improve her situation and contributed to her inability to secure employment. Mother's employment history since 2016 indicates she has only worked two weeks for one employer and one day for another. Meanwhile, the magistrate found credible the testimony of the children's foster parent that the children were making progress in foster care.

The magistrate's findings are supported by substantial and competent evidence, and Mother does not challenge any of these findings. Rather, Mother simply argues she loves and has a bond with her children. As the magistrate correctly concluded, however, "a child may not live on parental affection alone." *State ex rel. Child v. Clouse*, 93 Idaho 893, 896, 477 P.2d 834, 837 (1970). "In addition to love and affection and the satisfaction of his physical needs, a child requires moral guidance and training to allow him to grow into a well-adjusted, normal adult." *Id.* In this case, Mother has failed to provide for even the most basic need--a permanent, stable home--among many other basic needs. Further, as Mother concedes, the Department social worker disagreed there was a bond between Mother and the children.

Mother also argues there was no specific evidence the children wanted their rights terminated and no identification of a permanent caregiver for them. These arguments are unpersuasive. In analyzing the children's best interests, the magistrate properly considered numerous factors including their progress in foster care and Mother's failure to provide a stable home, to protect the children from a known abuser, to refrain from using illegal substances, to avoid incarceration, and to maintain employment. Mother's suggestion the children would subjectively desire to remain in her custody and her concern the Department cannot permanently place the children do not outweigh the magistrate's findings. *See Idaho Dep't of Health & Welfare v. Doe*, 162 Idaho 236, 246, 395 P.3d 1269, 1279 (2017) (concluding Doe's subjective claim children would be devastated by termination does not outweigh magistrate's findings). Moreover, Mother failed to cite any authority to support her proposition that they should, and the record does not support her claim that she is "making progress on her issues."

5

**IV.**

**CONCLUSION**

Substantial and competent evidence supports the magistrate's conclusion that termination of Mother's parental rights is in the children's best interests. Accordingly, we affirm the magistrate's judgment terminating Mother's parental rights.

Judge HUSKEY and Judge LORELLO **CONCUR**.